IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JERRY O'NEAL ELAM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-191 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a state prison disciplinary ruling wherein he lost thirty (30) days previously accrued good time credits as punishment.[1] Petitioner is presently incarcerated at the Neal Unit in Potter County, Texas pursuant to three (3) Liberty County, Texas felony convictions (one count of possession of a controlled substance, and two counts of theft of property more than $1,500 but less than $20,000, enhanced), and the concurrent 20-year sentences assessed therein on July 10, 2014. *State v. Elam*, Nos. CR31060, CR31061, and CR 31062.

On January 10, 2018, respondent filed an Answer asserting petitioner is *not* eligible for mandatory supervised release; therefore, his petition fails to state a claim for which federal habeas relief can be granted.

---

[1] Other punishment petitioner was assessed in the disciplinary proceeding merely constituted changes in the conditions of his confinement and does not implicate the Due Process Clause of the United States Constitution as required for review in a federal habeas corpus proceeding. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, in response to Question 16 of the form, petitioner indicates he is eligible for release on mandatory supervision. However, respondent has submitted petitioner's TDCJ commitment records reflecting petitioner was convicted of delivery of a controlled substance in a drug free zone on November 12, 1999. Since September 1996, Texas law stated an inmate may not be released to mandatory supervision if the inmate has been previously convicted of a felony for which the punishment was increased because the offense was committed in a drug free zone. *See* Texas Code of Crim. Proc. art. 42.18 § 8(c)(12) (1996); *currently* Texas Gov't Code § 508.149 (a)(14)(2018).

This mandatory supervision statute was also in effect in April 2013 and July 2014 when petitioner committed the offenses for which he is currently confined. Consequently, petitioner is not eligible for release to mandatory supervision. As petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958. Thus, petitioner's habeas application should be DENIED.

RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner JERRY O'NEAL ELAM be DENIED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 11, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the Aentered@ date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the Aentered@ date. *See* 28 U.S.C. ' 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled AObjections to the Findings, Conclusions and Recommendation.@  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party=s failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass=n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. ' 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).